# EXHIBIT 1

| | | | FILED |
|---|---|---|---|
| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE | 12-04-2024 |

Lake Ford, Inc. vs. Ford Motor Company

**Electronic Filing Notice**

Anna Maria Hodges
Clerk of Circuit Court
2024CV009716
Honorable Timothy
Witkowiak-22
Branch 22

Case No. 2024CV009716
Class Code: Money Judgment

FORD MOTOR COMPANY
1 AMERICAN ROAD
DEARBORN MI 48126

Case number 2024CV009716 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: c6c527**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4140.

Milwaukee County Circuit Court
Date: December 4, 2024

PROCESS SERVER
12-6-24     11:10 am
DATE    /    TIME

GF-180(CCAP), 11/2020 Electronic Filing Notice    §801.18(5)(d), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.
Case 2:24-cv-01643-JPS    Filed 12/20/24    Page 2 of 12    Document 1-1

FILED
12-04-2024
Anna Maria Hodges
Clerk of Circuit Court
2024CV009716
Honorable Timothy
Witkowiak-22
Branch 22

**STATE OF WISCONSIN   CIRCUIT COURT   MILWAUKEE COUNTY**

---

Lake Ford, Inc.
4201 South 27th Street
Milwaukee, Wisconsin 53221

        Plaintiff,

Case No. _____

Case Codes:   30301 – Money Judgment
(greater than $10,000)
30701 – Declaratory Judgment
30704 – Injunction

v.

Ford Motor Company
1 American Road
Dearborn, Michigan 48126

        Defendant.

---

## SUMMONS

---

THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within 20 days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is Clerk of Circuit Court, Milwaukee County Courthouse, 901 N. 9th Street, Milwaukee, Wisconsin 53233, and to Patrick L. Breen and Elizabeth A. Leonard, Plaintiff's attorneys, whose address is Boardman & Clark LLP, 1 South Pinckney Street, Suite 410, P.O. Box 927, Madison, Wisconsin 53701-0927. You may have an attorney help or represent you.

If you do not provide a proper answer within 20 days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 4th day of December, 2024.

                                       BOARDMAN & CLARK LLP
                                       By:

                                       *Electronically signed by Patrick L. Breen*
                                       Patrick L. Breen – State Bar No. 1102833
                                       Elizabeth A. Leonard – State Bar No. 1116141
                                       1 S. Pinckney St., Suite 410
                                       Madison, Wisconsin 53701
                                       Phone: (608) 257-9521
                                       Fax: (608) 283-1709
                                       pbreen@boardmanclark.com
                                       lleonard@boardmanclark.com
                                       *Counsel for Plaintiff*

FILED
12-04-2024
Anna Maria Hodges
Clerk of Circuit Court
2024CV009716
Honorable Timothy
Witkowiak-22
Branch 22

STATE OF WISCONSIN　　CIRCUIT COURT　　MILWAUKEE COUNTY

Lake Ford, Inc.
4201 South 27th Street
Milwaukee, Wisconsin 53221

        Plaintiff,

Case No. _____

Case Codes:　30301 – Money Judgment
　　　　　　　(greater-than-$10,000)
　　　　　　　30701 – Declaratory Judgment
　　　　　　　30704 – Injunction

v.

Ford Motor Company
1 American Road
Dearborn, Michigan 48126

        Defendant.

# COMPLAINT

Plaintiff Lake Ford, Inc., by its attorneys, Boardman & Clark LLP, by Patrick L. Breen, alleges for its Complaint as follows:

1.　Lake Ford, Inc. ("Lake") is a corporation organized under the laws of the State of Wisconsin with its principal place of business located at 4201 South 27th Street, Milwaukee, Wisconsin 53221. Lake operates a Ford franchised motor vehicle dealership in Wisconsin.

2.　Ford Motor Company ("Ford") is a Delaware corporation with its principal place of business located at 1 American Road, Dearborn, Michigan 48126. Ford conducts business in Wisconsin through multiple franchised dealerships.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Lake's claims because Lake's claims arise out of a Wisconsin corporation doing business in Wisconsin pursuant to the franchise granted to it by Ford to service motor vehicles at its principal place of business located in Milwaukee County.

4. Venue is proper in Milwaukee County pursuant to Wis. Stat. § 801.50(2)(a) because Lake's claims arose in Milwaukee County.

## FACTS

5. Lake is a motor vehicle dealership licensed by the State of Wisconsin and is authorized to sell and provide warranty service for motor vehicles manufactured and distributed by Ford.

6. Ford is licensed by the State of Wisconsin as a motor vehicle manufacturer.

7. Lake and Ford have a franchise relationship governed by the provisions of the Wisconsin Motor Vehicle Dealer Law (Wis. Stat. §§ 218.0101-218.0163).

8. Wis. Stat. § 218.0125(3m) (a) requires Ford to "reasonably compensate a dealer who performs work to rectify the product or warranty defects of [Ford] or to satisfy delivery and preparation obligations of [Ford] or who performs any other work required, requested or approved by [Ford] or for which [Ford] has agreed to pay."

9. Wis. Stat. § 218.0125(3m)(b) provides that "[r]easonable compensation for labor under par. (a) is equal to the dealer's *effective nonwarranty labor rate* multiplied by the number of hours allowed for the repair under [Ford's] time allowances used in compensating the dealer for warranty work." (emphasis added).

10. Wis. Stat. § 218.0125(3m)(c)1. provides that "[t]he effective nonwarranty labor rate is determined by using the submitted substantiating orders under sub. (4m)(a)2., by dividing the

total customer labor charges for qualifying nonwarranty repairs in the repair orders by the total number of hours that would be allowed for the repairs if the repairs were made under [Ford's] time allowances used in compensating the dealer for warranty work."

11.   Wis. Stat. § 218.0125(4m)(a) provides, in applicable part, that "[t]o be eligible for compensation for labor . . . under sub. (3m), a dealer shall submit to [Ford] all of the following: 1. A written notice of the claimed effective nonwarranty labor rate . . . . 2. Either 100 sequential repair orders for qualifying nonwarranty repairs or all repair orders for qualifying nonwarranty repairs performed in a 90-day period, whichever is less."

12.   On June 3, 2024, Lake, through its attorneys, submitted to Ford, the written notice and repairs orders required by Wis. Stat. § 218.0125(4m)(a) ("Lake's June 3, 2024 submission") to render Lake eligible to be compensated at its effective nonwarranty labor rate, which Lake alleges to be $277.70 per hour. A copy of Lake's June 3, 2024 written notice to Ford is attached to this complaint as Exhibit A.

13.   Wis. Stat. § 218.0125(4m)(b) provides, in applicable part, that "[n]ot more than 30 days after receiving a submission under par. (a), [Ford] shall begin compensating the dealer based on the effective nonwarranty labor rate . . . that is substantiated by the submission. If [Ford] disputes the dealer's claimed labor rate . . ., [Ford] shall notify the dealer in writing that it disputed the labor rate . . . [which] notice . . . shall include a written explanation of the reason for the dispute, including the labor rate . . . that [Ford], . . . has determined is substantiated by the submission."

14.   Ford received Lake's submission on or about June 4, 2024.

15.   Therefore, Wis. Stat. § 218.0125(4m)(b) required Ford to begin compensating Lake for "work to rectify the product or warranty defects of [Ford] or to satisfy delivery and preparation obligations of [Ford] or who perform[] any other work required, requested or approved by [Ford]

3

or for which [Ford] has agreed to pay" (collectively "Qualifying Work") at Lake's effective nonwarranty labor rate no later than July 5, 2024.

16.　Instead, on or about July 5, 2024, Ford commenced compensating Lake for Qualifying Work at a rate of $234.72 per hour, except for certain Qualifying Work related to Ford's Remote Experience Program ("REP"), specifically the work required to transport motor vehicles between customer locations and Lake's service department ("REP Pickup and Delivery Services") and the work required for technicians to travel between Lake's service department and customer locations to provide remote repairs to motor vehicles ("REP Remote Travel Services") for which Ford continued to compensate Lake at a rate of $180 per hour.

17.　Ford wrongfully contends that REP Pickup and Delivery Services and REP Remote Travel Services do not constitute Qualifying Work for which Ford is obligated to compensate Lake at its effective nonwarranty labor rate under the applicable provisions of Wis. Stat. § 218.0125, even though Ford has "agreed to pay" for such work, has approved Lake performing such work and requires that Lake perform such work to be eligible for certain incentives paid by Ford to dealers under the Ford Commitment Program..

18.　By its failure to compensate Lake at its effective nonwarranty labor rate of $277.70 for all Qualifying Work performed since July 5, 2024, Ford is in violation of Wis. Stat. §§ 218.0125(3m) and (4m) and 218.0116(1)(km).

19.　Ford's above-described violation of Wis. Stat. §§ 218.0125 (3m) and (4m) and 218.0116(1)(km) has caused Lake to suffer pecuniary loss, to date, in an amount not less than the difference between what Ford has paid Lake for Qualifying Work since July 5, 2024, and the amount that Ford would have paid Lake for Qualifying Work since July 5, 2024, if such payments had been based on the effective nonwarranty labor rate substantiated by Lake's June 3, 2024

submission, and Lake will continue to suffer further pecuniary loss caused by Ford's continuing violation of the aforesaid statutes while such violation continues.

20. Ford's above-described violation of Wis. Stat. §§ 218.015 (3m) and (4m) and 218.0116(1) (km) is voluntary and intentional and, therefore, "willful" within the meaning of Wis. Stat. § 218.0163(1m).

21. Lake has served demands that Ford mediate the disputes over Ford's failure to compensate it for Qualifying Work, including REP Pickup and Delivery Services and REP Remote Travel Services, at its effective nonwarranty labor rate of $277.70 pursuant to Wis. Stat. § 218.0136. On October 30, 2024, the parties engaged in mediation of the dispute over the amount of Lake's effective nonwarranty labor rate, and, on November 21, 2024, the parties engaged in mediation of the dispute over whether REP Pickup and Delivery Services and REP Remote Travel Services constitute Qualifying Work for which Ford is obligated to compensate Lake at its effective nonwarranty labor rate under the applicable provisions of Wis. Stat. § 218.0125. Neither dispute was resolved by the mediations.

WHEREFORE, the Plaintiff Lake Ford, Inc. demands a jury trial on all issues so triable and entry of judgment against Ford Motor Company, as follows:

    a. Pursuant to Wis. Stat. §§ 218.0163 (1m), awarding Lake Ford, Inc. damages in an amount equal to three times the pecuniary loss caused by Ford Motor Company's willful violation of Wis. Stat. §§ 218.0125 (3m) and (4m) and Wis. Stat. § 218.0116(1)(km), together with actual costs, including reasonable attorney fees.

    b. In the alternative, pursuant to Wis. Stat. § 218.0163(1)(a), awarding Lake Ford, Inc., damages in the actual amount of its pecuniary loss caused by Ford Motor Company's

violation of Wis. Stat. §§ 218.0125 (3m) and (4m) and 218.0116(1)(km), together with actual costs, including reasonable attorney fees.

c. Awarding Lake interest on the damages awarded under paragraphs a. or b. above for the period from July 5, 2024, until such damages have been paid in full.

d. Awarding Lake Ford, Inc. such other relief as the Court deems it to be entitled by applicable law.

**JURY TRIAL DEMAND: PLAINTIFF DEMANDS TRIAL BY JURY FOR THOSE CLAIMS AS TO WHICH TRIAL BY JURY IS ALLOWED**

Dated this 4th day of December, 2024.

        BOARDMAN & CLARK LLP
        By:

        *Electronically signed by Patrick L. Breen*
        Patrick L. Breen – State Bar No. 1102833
        Elizabeth A. Leonard – State Bar No. 1116141
        1 S. Pinckney St., Suite 410
        Madison, Wisconsin 53701
        Phone: (608) 257-9521
        Fax: (608) 283-1709
        pbreen@boardmanclark.com
        lleonard@boardmanclark.com
        *Counsel for Plaintiff*



# BoardmanClark

PAUL R. NORMAN
ATTORNEY
PNORMAN@BOARDMANCLARK.COM
DIRECT   (608) 283 1766
FAX        (608) 283 1709

June 3, 2024

**VIA FEDERAL EXPRESS AND CERTIFIED MAIL**

Ford Motor Company
16800 Executive Plaza Dr.
82WC Dearborn, MI 48126
Attn: Warranty Team, Room 3N145

Ford Motor Company
3025 Highland Parkway, Suite 500
Downers Grove, IL 60515
Attn: Dawn Valeski, Regional Manager

RE:   Notice of Claimed Effective Nonwarranty Labor Rate Pursuant to Wis. Stat. § 218.0125(4m)(a)

To Whom It May Concern:

On behalf of our client Lake Ford, Inc. ("Lake Ford"), and in accordance with Wis. Stat. § 218.0125(4m)(a), we are providing Ford Motor Company with written notice of Lake Ford's claimed effective nonwarranty labor rate of $277.70 per hour.

Also, in accordance with § 218.0125(4m)(a), we are enclosing with this notice a thumb drive containing copies of the required sequential repair orders for qualifying nonwarranty repairs and Lake Ford's analysis of those repair orders showing how the foregoing rate was determined:

In accordance with § 218.0125(4m)(b), Lake Ford will Ford to begin compensating Lake Ford for warranty and other requested service work or repairs at the foregoing labor rate within 30 days of your receipt of this submission, unless you advise Lake Ford in writing that you disagree with its analysis and provide an explanation of the reasons for your disagreement. Even if Ford disagrees, it is obligated to begin paying Lake Ford by the end of the 30-day period at the labor rate that it determines in good faith, and in accordance with the formula set forth in Wis. Stat. § 218.0125(3m)(c), are substantiated by the submitted repair order, subject to Lake Ford's right to challenge Ford's redetermination of the rate and/or markup.



EXHIBIT A

FORD MOTOR COMPANY
JUNE 3, 2024
PAGE 2

Please contact John Maneage at Lake Ford if you feel you need any additional information.

Sincerely,

BOARDMAN & CLARK LLP

*Paul R. Norman*

Paul R. Norman

PRN/cp
Enclosure
cc:   Todd Reardon (via email)
      John Maneage (via email)

\\msnfs2\share\docs\wd\20401\111dra\a5212869.docx