**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

LAKE FORD, INC.,

Plaintiff,

v.

FORD MOTOR COMPANY,

Defendant.

Case No. 24-CV-1643-JPS

**ORDER**

Before the Court is Defendant Ford Motor Company's ("Ford") motion for a protective order "directing that [Plaintiff Lake Ford, Inc.'s ("Lake")] May 19, 2026 discovery requests need not be answered unless and until the Court issues a summary judgment decision that allows any of Lake's claims to proceed to trial." ECF No. 67 at 2.

Ford asserts that, over one year after Lake's issued its first (and formerly, only) set of discovery requests, and during while the parties were awaiting the Court's resolution of cross-motions for summary judgment, Lake issued a second set of discovery requests that do not concern the issues on summary judgment. *Id.* Ford asserts that it should not be required to respond to Lake's discovery requests at this time because if Ford's pending motion for summary judgment on "all of Lake's claims . . . is resolved, . . . Lake's May 19 discovery requests are moot." *Id.* at 3; *id.* at 2–3 ("It is within a district court's discretion to enter a protective order staying discovery until after resolution of a pending summary judgment motion when that discovery is not needed to respond to the motion." (quoting *Brewer v. Wis. Bd. of Bar Examiners*, No. 4-C-694-WCG, 2006 WL 3147407, at *1 (E.D. Wis. Oct. 30, 2006)) (further citations omitted)). Ford also attacks Lake's May 19

discovery requests as improper duplicitous discovery and as violating the Eastern District of Wisconsin's local rules that bar expansion of discovery limitations "by the creative use of subparts." *Id.* at 3–4 (quoting CIV. L.R. 36(a)(1)).

Lake responds that Ford's motion "seeks to impede the efficient litigation of this case," arguing that it is "prudent" to continue discovery during the resolution of the pending cross motions for summary judgment. ECF No. 69 at 1–2. Lake asserts that granting the motion would be "contrary to the Court's imperative to have cases decided as quickly as practical." *Id.* at 2. Lake cites no authority for this argument in its opposition apart from the single sentence from the Court's protocols order, ECF No. 4. *See generally* ECF No. 69. Lake also takes issue with Ford's objections to the individual discovery requests because Ford allegedly failed to discuss those individual objections at the meet and confer about its anticipated motion. *Id.* at 3.

Neither party asserts that the discovery at issue is at all relevant to the issues before the Court on the pending cross motions for summary judgment. The Court thus finds it appropriate to grant Ford's motion in part. Ford's motion will be granted to the extent that it seeks a stay of Lake's discovery requests but will be denied without prejudice to the extent it seeks any individual determination that Lake's discovery requests are improper. If the Court's order on the parties' cross motions for summary judgment results in any live claims, the deadline for Ford to respond to Lake's pending discovery requests (or to renew its motion for a protective order after meeting and conferring as to the specific contents of the requests) will run from the date of that order.

The Court will also deny Ford's motion to the extent it seeks attorneys' fees related to bringing the motion. Because the Court grants in

part and denies in part the motion, its award of attorneys' fees is discretionary rather than mandatory. *See* FED. R. CIV. P. 37(a)(5)(C). Further, even if the Court were to grant the motion in full, it would still decline to award fees here, because Lake's position and interest in expeditiously litigating this case is substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

Accordingly,

**IT IS ORDERED** that Defendant Ford Motor Company's motion for protective order and for costs and fees, ECF No. 67, be and the same is hereby **GRANTED in part and DENIED in part**; the motion is **GRANTED** to the extent it seeks an order staying its deadline to respond to Plaintiff Lake Ford, Inc's May 19, 2026 discovery requests and is **DENIED without prejudice** to the extent it seeks an order protecting Defendant from responding to those discovery requests altogether due to their specific contents; the motion is further **DENIED** to the extent that it seeks attorneys' fees and costs; and

**IT IS FURTHER ORDERED** that if the Court's order on the parties' cross motions for summary judgment results in any live claims, the deadline for Ford to respond to Lake's May 19, 2026 discovery requests (or to renew its motion for a protective order after meeting and conferring as to the specific contents of the requests) will run from the date of that order.

Dated at Milwaukee, Wisconsin, this 8th day of September, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge